UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06798 JAK (ASx) | Date | March 7, 2017 |
| Title | Mirella Ferrer v. Host International, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:  **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND THE ACTION TO STATE COURT (DKT. 16); DEFENDANT TONIKE MATTHEWS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (DKT. 18)**
**JS-6: Defendant Tonike Matthews Only**

**I.      Introduction**

Mirella Ferrer ("Plaintiff") brought this action against Host International, Inc., HMS Host Family Restaurants, Inc., HMS Host USA, Inc. and Tonike Matthews in the Los Angeles Superior Court. Complaint, Dkt. 1-1 at 5. The Complaint advances the following causes of action: (i) violation of Cal. Lab. Code § 1102.5, (ii) violation of Cal. Lab. Code § 6310, (iii) violation of Cal. Lab. Code § 232.5(c), (iv) disability discrimination in violation of Cal. Govt. Code § 12940(a), (v) failure to prevent discrimination in violation of Cal. Govt. Code § 12940(k), (vi) failure to provide reasonable accommodations in violation of Cal. Govt. Code § 12940(m), (vii) failure to engage in the interactive process in violation of Cal. Govt. Code § 12940(n), (viii) intentional infliction of emotional distress, (ix) defamation and (x) wrongful termination in violation of public policy. *Id.* Defendants Host International, Inc., HMS Host Family Restaurants, Inc. and HMS Host USA, Inc. ("Host") removed the action on this basis of diversity jurisdiction. Dkt. 1.

Plaintiff filed a Motion to Remand ("Motion to Remand") on October 3, 2016. Dkt. 16. Host opposed ("MTR Opposition" (Dkt. 19)) and Plaintiff replied ("MTR Reply" (Dkt. 21)).Defendant Tonike Matthews ("Matthews") filed a Motion to Dismiss ("Motion to Dismiss") on October 7, 2016. Dkt. 18. Plaintiff filed a late opposition on January 11, 2017 ("MTD Opposition"). Dkt. 29. A hearing was held on both Motions on February 6, 2017, and they were taken under submission. Dkt. 32.

For the reasons stated in this Order, the Motion to Remand is **DENIED**, and the Motion to Dismiss is **GRANTED**.

**II.     Factual Background**

Plaintiff is a citizen of California. Complaint at ¶ 5. The Complaint alleges that Plaintiff worked as a full-time line cook for 8 oz. Burger Bar, which is a restaurant located in the Los Angeles International

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06798 JAK (ASx) | Date | March 7, 2017 |
| Title | Mirella Ferrer v. Host International, Inc., et al. | | |

Airport. *Id*. at ¶¶ 15-16. She was employed there from approximately February 20, 2015 to July 22, 2015. *Id*. The Complaint alleges that Host operates 8 oz. Burger Bar, and that Matthews was Plaintiff's immediate supervisor during the period of her employment. *Id*. at ¶¶15, 17.

Plaintiff alleges that, beginning in February 2015, she reported numerous workplace health and safety issues to upper management of Host. *Id*. at ¶ 18. These issues included the infestation of roaches and the malfunctioning of the kitchen sink and refrigerators. *Id*. at ¶ 19. The Complaint also alleges that Plaintiff reasonably believed that these conditions violated state or local statutes and/or local, state or federal regulations. *Id*. at ¶ 20. Plaintiff alleges that, instead of addressing these conditions, Defendant began to retaliate against her. *Id*. at ¶ 21. For example, she alleges that Matthews berated her, instructed her not to "go over her head ever again" and issued and then provided to her an unwarranted criticism of her work. *Id*. at ¶ 22. According to the Complaint, Plaintiff was wrongfully terminated on July 22, 2015, in retaliation for her reporting of the aforementioned health issues. *Id*. at ¶ 24.

The Complaint also alleges that, on or around June 2015, Plaintiff began experiencing conditions arising from blood clots that resulted in her hospitalization. *Id*. at ¶ 25. On June 25, 2015, Plaintiff notified Defendants that she needed surgery to have the blood clots removed. *Id*. at ¶ 26. The Complaint alleges that Plaintiff received a note from a treating physician that placed her on medical leave from approximately June 26, 2015 to July 1, 2015. *Id*. at ¶ 27. Due to ongoing medical problems, Plaintiff's leave was extended through July 19, 2015. *Id*. Plaintiff states that she returned to work without restriction on July 20, 2015, and was terminated on July 22, 2015 for pretextual reasons. *Id*. at ¶ 28. She received notice of her termination through an Associate Disciplinary Action Form, which contained the following "Description of Circumstances":

> Based on your attendance, you are in violation of the attendance policy. You took an unapproved Leave of Absences [sic] for the dates of 7/9/15, 7/10/15, 7/11/15, 7/12/15, 7/15/15, 7/16/15, 7/17/15, 7/18/15 and 7/19/15 which resulted in the violation.
>
> You are hereby being terminated from Hms Host effective today, July 22, 2015.

Ex. 3 to Declaration of Carl J. Fraley-Bennett ("Fraley-Bennett Decl."), Dkt. 16-2 at 14. Matthews signed the Associate Disciplinary Action Form. *Id*.

Plaintiff received a right-to sue letter from the California Department of Fair Employment and Housing on May 27, 2016. Complaint at ¶ 29. She filed this action on July 22, 2016. *Id*.

In the removal notice, Host asserted diversity jurisdiction. Dkt. 1 at 2. The notice stated that HMS Host Family Restaurants, Inc. and HMS Host USA, Inc. were erroneously named as defendants, because neither had ever employed Plaintiff. *Id*. at 3. HMS Host Family Restaurants, Inc. is incorporated in Maryland and HMS Host USA, Inc. and Host International, Inc. are both incorporated in Delaware. *Id*. at 5. All three companies are headquartered in Maryland. *Id*. The notice also stated that, as of the date of removal, Matthews had not been served with the summons and Complaint, and argued that Matthews was a sham defendant because no viable claims were advanced against her in an individual capacity. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06798 JAK (ASx) | Date | March 7, 2017 |
| Title | Mirella Ferrer v. Host International, Inc., et al. | | |

**III.    Analysis**

      **A.    Legal Standard**

            **1.    Remand**

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Generally, a civil action may be removed only if it could have been brought initially in a federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and is between parties who are citizens of different states. 28 U.S.C. §§ 1332, 1441. Diversity jurisdiction is a basis for removal. The removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts have subject matter jurisdiction where the adverse parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441. "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Fraudulent joinder "is a term of art." *Morris*, 236 F.3d at 1067. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotations omitted and alteration in original). The defendant "is entitled to present the facts showing the joinder to be fraudulent." *Id.*; *see also id.* at 1068 (citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995) for the proposition that "[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony"). In a claim of fraudulent joinder, the defendant "must take and carry the burden of proof." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) ("If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions."). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Corona v. Quad Graphics Printing Corp.*, No. CV1606450SJOSKX, 2016 WL 6462160, at *3 (C.D. Cal. Oct. 31, 2016) (quoting *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)).

When there are uncertainties in the terms of state law, a district court considering a motion to remand must resolve them in favor of the moving party. Thus, "[w]hen there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities." *Olguin v. Int'l Paper Co.*, No. CV 16-01865-AB (EX), 2016 WL 1643722, at *2 (C.D. Cal. Apr. 26, 2016).

A district court must determine whether there is subject matter jurisdiction before reaching the merits of an action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06798 JAK (ASx) | Date | March 7, 2017 |
| Title | Mirella Ferrer v. Host International, Inc., et al. | | |

      2.      <u>Dismissal</u>

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* As the Supreme Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S. at 570]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [*Id.*] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557.

*Id.*

*Iqbal* identifies "[t]wo working principles" underlying the standard for a motion to dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

      B.      Discussion

Both of the present Motions are premised on the same issue: Whether Plaintiff has stated a claim against Matthews for either IIED or defamation.[1] However, fraudulent joinder, which forms the basis for removal, requires a stronger showing of futility than the one that applies to a motion to dismiss. To survive the latter, a claim must be "plausible." *Iqbal*, 556 U.S. at 678. In contrast, a court is required to remand if there is "a non-fanciful possibility" that a claim against a non-diverse defendant may be stated. *Corona*, 2016 WL 6462160, at *3. Thus, "[e]ven 'where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court.'" *Gonzalez v. J.S. Paluch Co.*, No. CV 12-08696 DDP FMOX, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (quoting *Ballesteros v. American Standard Ins. Co. of Wisc.*, 436 F. Supp. 2d 1070, 1072 (D. Ariz. 2006)).

---

[1] Plaintiff also argues in the Motion to Remand that Host improperly removed this action because Matthews had not been served at the time of removal. Dkt. 16 at 14-15. This argument appears to be based on a misreading of the Notice of Removal. It states that Matthews was not required to join in the Notice of Removal, but did not present the failure to serve Matthews as a basis for removal. Dkt. 1 at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06798 JAK (ASx) | Date | March 7, 2017 |
| Title | Mirella Ferrer v. Host International, Inc., et al. | | |

1. <u>IIED</u>

"California permits recovery for conduct 'so extreme and outrageous as to go beyond all possible bound of decency and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1053 (C.D. Cal. 2013) (quoting *Rulon-Miller v. Int'l Bus. Mach. Corp.*, 162 Cal. App. 3d 241, 254 (1984)). Terminating an employee does not meet this standard. *Id.* However, "[w]here behavior goes beyond the act of termination . . . it is for the court to determine whether on the evidence severe emotional distress can be found." *Id.* Defendants argue that the California Worker's Compensation Act preempts Plaintiff's IIED claim. Dkt. 19 at 7-8. They also argue that Matthews is shielded from liability by the doctrine of managerial immunity. *Id.* at 15.

Under the California Worker's Compensation Act, "employees are entitled to compensation for injuries caused by their employment only in proceedings before the Worker's Compensation Appeals Board." *Corona*, 2016 WL 6462160, at *3. "Generally, claims for emotional distress caused by the employer's conduct causing distress such as 'discharge, demotion, discipline or criticism' are preempted by the Workers' Compensation Act, even when the employer's acts causing the distress are intentional or outrageous." *Onelum*, 948 F. Supp. 2d at 1054; see also *Corona*, 2016 WL 6462160, at *3 ("When bringing a claim for 'demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability.'").

For these reasons, an employee's claim for IIED against his or her employer is preempted unless it "exceed[s] the normal risks of the employment." *Corona*, 2016 WL 6462160, at *3 (quoting *Fretland v. Cty. of Humboldt*, 69 Cal. App. 4th 1478, 1492 (1999)). *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876 (2008) is instructive. There, the California Supreme Court considered claims for IIED brought by two former employees of Lawrence Livermore National Laboratory who alleged that they had been terminated in retaliation for reporting certain safety violations. *Miklosy* held that "[t]he kinds of conduct at issue (e.g., discipline or criticism) are a normal part of the employment relationship. Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions." *Id.* at 645-46. *Miklosy* then concluded that

> [s]o long as the basic conditions of compensation are otherwise, and the employer's conduct neither contravenes fundamental public policy nor exceeds the risks inherent in the employment relationship, an employee's emotional distress injuries are subsumed under the exclusive remedy provisions of workers' compensation.

*Id.* at 646 (internal citations omitted). "The exception for conduct that 'contravenes fundamental public policy' is aimed at permitting a *Tameny*[2] action to proceed despite the workers' compensation exclusive remedy rule." *Id. Miklosy* expressly rejected the argument that whistleblower retaliation is not a risk inherent in the employment relationship. *Id.* (citing *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990)).

---

[2] In *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167 (1980), the California Supreme Court held that "when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Id.* at 170.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06798 JAK (ASx) | Date | March 7, 2017 |
| Title | Mirella Ferrer v. Host International, Inc., et al. | | |

Here, Plaintiff has alleged two separate, improper bases for her termination. First, she was terminated in retaliation for having reported her health and safety concerns to Host's upper management. Complaint at ¶ 24. Second, she was terminated for pretextual reasons as a result of having taken medical leave approved by her physician. *Id.* at ¶¶ 27-28.

*Milosky* held that whistleblower retaliation is a risk inherent in the employment relationship. For this reason, it is within the jurisdiction of the worker's compensation system. *Miklosy*, 44 Cal. 4th at 646; *see also Langevin v. Fed. Exp. Corp.*, No. CV 14-08105 MMM FFMX, 2015 WL 1006367, at *9 (C.D. Cal. Mar. 6, 2015) ("Like plaintiffs here, the plaintiff in Shoemaker alleged whistleblower retaliation and also a *Tameny* cause of action, and although he incorporated these allegations as part of his claim for intentional infliction of emotional distress, we held workers' compensation to be his exclusive remedy and affirmed the trial court's dismissal of that cause of action."). *Milosky* also defined narrowly the public policy exception to the worker's compensation laws, limiting it to *Tameny* claims for wrongful termination in violation of public policy. *Id.*; *see also Nguyen v. Durham Sch. Servs. L.P.*, No. SA-CV-151243-JLS-DFMx, 2016 WL 3436381, at *2 (C.D. Cal. June 16, 2016) ("[A]s to the 'public policy' exception, the California Supreme Court has expressly limited its application to 'common law claims of wrongful termination in violation of public policy,' also referred to as '*Tameny* claims.'"). Thus, Plaintiff cannot bring a claim for IIED as a result of the alleged retaliation she experienced after she reported the unsanitary conditions of her workplace.

Plaintiff also alleges that she was terminated as a result of disability discrimination. Thus, the Complaint alleges that Plaintiff began experiencing complications arising from blood clots in June 2015, and that her condition ultimately required surgery. Complaint at ¶¶ 25-26. The Complaint alleges that Plaintiff notified Defendants on or around June 25, 2016 of the planned surgery, and provided a note from her treating physician stating that she would have to be on medical leave from June 26, 2015 to July 1, 2015 due to the planned procedure. *Id.* at ¶ 27. Plaintiff alleges that she continued on medical leave through July 19, 2015 due to ongoing medical problems, and that she was terminated due her medical absence, notwithstanding the pretextual reasons proffered by Defendants for that decision. *Id.* at ¶ 28. Consistent with these contentions, the Complaint alleges that Defendants knew of Plaintiff's physical disability, and that it was a substantial motivating reason for terminating her employment. *Id.* at ¶¶ 81-83. It also alleges that Defendants failed to provide Plaintiff with reasonable accommodations for her disability. *Id.* at ¶¶ 111, 123.

As noted above, the Disciplinary Action Form states that the basis for Plaintiff's termination was her failure to comply with the applicable attendance policy. Ex. 3 to Fraley-Bennett Decl., Dkt. 16-2 at 14. Specifically, the form stated that Plaintiff took an unapproved leave of absence from July 9 through July 12 and again from July 15 to July 19, 2015. *Id.*

Some California district courts have distinguished *Miklosy* and have held that IIED claims based on alleged discrimination are not preempted by worker's compensation statutes because discrimination is not a "'normal part' of the workplace." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1055 (C.D. Cal. 2013); *see also Vanderhule v. Amerisource Bergen Drug Corp.*, No. 16-cv-2104-JVS-JCGx, 2017 WL 168911, at *4 (C.D. Cal. Jan. 17, 2017) ("[C]ourts have held that IIED claims are not preempted by the Workers Compensation Act when they involve separate discrimination claims, such as allegations that an employer discriminated against the plaintiff by refusing to provide medical leave for a disability."); *Hattox v. State Farm Mut. Auto. Ins. Co.*, No. 12CV2597-AJB KSC, 2013 WL 314953, at *6 (S.D. Cal. Jan. 25,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06798 JAK (ASx) | | Date | March 7, 2017 |
|---|---|---|---|---|
| Title | Mirella Ferrer v. Host International, Inc., et al. | | | |

2013) ("[D]iscrimination is not a normal incident of employment.").

However, district courts have also recognized that IIED claims based on alleged discrimination are preempted when the alleged wrongful conduct "occurred during the course of the employer-employee relationship, while [the employer] provided feedback and supervision to Plaintiff." *Plummer v. Tesoro Ref. & Mktg. Co.*, No. CV1602044SJOJEMX, 2016 WL 3180327, at *4 (C.D. Cal. June 3, 2016). In *Plummer*, for example, the plaintiff sought relief for IIED after having been terminated for alleged age discrimination. *Id.* at *2. *Plummer* observed:

> As the California Supreme Court has held, "when the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harrassment [sic], or intended to cause emotional disturbance resulting in disability."

*Id.* at *4 (quoting *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987)); *see also Vanderhule*, 2017 WL 168911, at *3 ("[P]ersonnel management decisions," which include hiring and firing, "cannot support an IIED claim."); *Duran v. DHL Express (USA), Inc.*, No. CV 15-09965-BRO (EX), 2016 WL 742864, at *8 (C.D. Cal. Feb. 24, 2016) ("Due to the limited nature of [Plaintiff's] allegation, and the fact that the alleged conduct occurred during the normal course of the employer-employee relationship, the workers' compensation exclusivity rule applies."). *Vandehule* distinguished between cases that arise from claims related to "discriminatory comments and harassment" and those that arise solely from "personnel management decisions." *Vanderhule*, 2017 WL 168911, at *4. Although the former category of cases may provide a basis for an IIED claim, the latter cannot. *Id.*

The only misconduct related to alleged disability discrimination that the Complaint attributes to Matthews is that Plaintiff was terminated following her medical leave. Hiring and firing decisions are clearly "a normal part of the employment relationship." *Plummer*, 2016 WL 3180327, at *4. Therefore, Plaintiff's IIED claims are preempted by worker's compensation laws. As a result, she cannot show a "non-fanciful possibility" that she can state a claim against Matthews under California law. *Corona*, 2016 WL 6462160, at *3.

    2. <u>Defamation</u>

Under California law, the elements of a defamation claim are "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1369 (2010). Plaintiff's defamation claims are based on the following allegations:

> On or around March 2015, Defendant Matthews issued Plaintiff a corrective action memorandum falsely claiming that she violated company rules. Furthermore, on July 22, 2015 Defendant Matthews issued Plaintiff a termination letter in which Ms. Matthews incorrectly claiming [sic] that Plaintiff violated Defendants['] attendance policy and that she took several unapproved leaves of absences [sic]. The aforementioned misrepresentations by Defendants were knowingly false.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06798 JAK (ASx) | Date | March 7, 2017 |
| Title | Mirella Ferrer v. Host International, Inc., et al. | | |

Complaint at ¶ 143.

As noted above, the Associate Disciplinary Action Form that Plaintiff was provided stated that Plaintiff was terminated for taking unapproved leaves of absence from July 9 through July 12 and July 15 to July 19, 2015. *Id.* Defendants argue that Plaintiff's claim against Matthews for defamation cannot succeed because Matthews is shielded from liability by the common interest privilege and by managerial immunity and because Plaintiff has failed to state a claim.

Cal. Civ. Code § 47(c), which establishes the common interest privilege, provides that a "privileged publication or broadcast" includes one made:

> [I]n a communication, without malice, to a person interested therein (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

The common interest privilege "is recognized where the communicator and the recipient have a common interest and the communication is of a kind reasonably calculated to protect or further that interest." *Barker v. Fox & Assocs.*, 240 Cal. App. 4th 333, 353 (2015). "The privilege applies to a defendant acting to protect a pecuniary or proprietary interest and between parties in a contractual, business, or similar relationship." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 461 F. Supp. 2d 1188, 1197 (C.D. Cal. 2006) (citing *Kashian v. Harriman*, 98 Cal. App. 4th 892, 914 (2002)).

Plaintiff argues that, because the common interest privilege is an affirmative defense, it need not be addressed in the Complaint; indeed, it may be waived. But under California law, "where the existence of the privilege is shown on the face of the complaint, it may be raised by general demurrer." *Pavlovsky v. Bd. of Trade of San Francisco*, 171 Cal. App. 2d 110, 113 (1959); *see also Gutkin v. Univ. of S. Cal*, 101 Cal. App. 4th 967, 981 (2002) (upholding a demurrer to a defamation claim because the defendant was "privileged under Civil Code section 47, subdivisions (b) and (c) to invoke its dismissal procedures"). Here, the allegedly defamatory statements were made by Matthews to Plaintiff in the context of the employment relationship. Thus, the common interest privilege applies unless Plaintiff can show malice. *See, e.g., Mendoza v. Host Int'l, Inc., No.* CV 13-8671-GHK ASX, 2014 WL 367296, at *2 (C.D. Cal. Feb. 3, 2014) ("Work-related communications among a company's employees generally fall squarely within the common interest privilege."); *Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1101 (E.D. Cal. 2009) (statements by one employee made to another regarding the plaintiff's termination were "presumed to be privileged").

"'[M]alice,' within the meaning of Civil Code section 47, subdivision (c), is 'established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff[']s rights . . . .'" *Id.* at 354. It may not be "inferred from the communication itself." *Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1370 (2003). "[I]f malice is shown, the privilege is not merely overcome; it never arises in the first instance." *Id.* at 1368 (2003) (quoting *Brown v. Kelly Broadcasting Co.* 48 Cal.3d 711, 723, fn. 7 (1989)).

The Complaint alleges that the claimed false statements were made "even though Defendants and/or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06798 JAK (ASx) | Date | March 7, 2017 |
| Title | Mirella Ferrer v. Host International, Inc., et al. | | |

their agents knew the statements were false and because of ill will toward Plaintiff due to her engaging in protected activities." Complaint at ¶ 143. It next alleges that

> Plaintiff is informed and thereon alleges that Defendants and/or their agents subsequently published the false statements regarding Plaintiff with the following: knowledge of their falsity; and/or a willingness to vex; harass, annoy or injure Plaintiff because of her engaging in protected activities; and/or lack of reasonable grounds for belief in the truth of the publication; and/or with a reckless failure to investigate or adequately investigate and verify the facts of the defamatory statements, and with a lack of reasonable grounds for believing the statement to be true.

*Id.*

These conclusory statements are without further explanation in the Complaint, and are not supported by the evidence Plaintiff submitted in support of the Motion to Remand. As to the allegation of publication, there is no supporting allegation or evidence to support the potential inference that Ferrer's corrective action memorandum or the reasons for Plaintiff's termination were shared with third parties. This provides an independent basis for dismissal, notwithstanding the potential applicability of the common interest privilege. *Barrett v. Rosenthal*, 40 Cal. 4th 33, 45 (2006) ("Publication is a necessary element of all defamation claims, and includes every repetition and distribution of a defamatory statement.").

Further, even if Plaintiff had alleged or could show publication of the memorandum or its contents, she provides no reasonable basis for the inference of malice. Instead, she alleges that the corrective action memorandum and termination notice somehow show malice. She also claims that Matthews "began to berate" Plaintiff and instructed her "not to 'go over her head ever again'" after Plaintiff reported unsafe working conditions to Matthews' superiors. Complaint at ¶ 22. These allegations are not sufficient because the

> malice necessary to defeat a qualified privilege is "actual malice" which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.

*Noel*, 113 Cal. App. 4th at 1370 (quoting *Sanborn v. Chronicle Pub. Co.* 18 Cal. 3d 406, 413 (1976)). There are no allegations from which it can reasonably be inferred that Matthews was motivated by hatred or ill will in any of the communications at issue.

For these reasons, at least two of the five elements of a defamation claim against Matthews have not been alleged. There is no indication that there was a publication, or that any such publication was unprivileged. Although the plaintiff's burden on a motion to remand is low, jurisdiction cannot be based on an implausible claim. Because Plaintiff has "failed to state a cause of action" against Matthews for defamation, "and the failure is obvious according to the settled rules of the state," the joinder of Matthews is fraudulent. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06798 JAK (ASx) | Date | March 7, 2017 |
| Title | Mirella Ferrer v. Host International, Inc., et al. | | |

**IV.     Conclusion**

For the reasons stated in this Order, the Motion to Remand is **DENIED** and the Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

                                                                                                                   _____  :  _____

Initials of Preparer     ak